UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREY LARSHIN, | No. 2:21-cv-0122 JAM KJN P |
| Petitioner, | |
| v. | ORDER |
| J. PICKKET, | |
| Respondent. | |

Petitioner, a state prisoner, proceeds pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss this action alleging the petition was successive, untimely, included an unexhausted claim, and failed to raise a cognizable federal claim. On September 9, 2021, respondent withdrew the argument that the instant petition was successive. The motion to dismiss is fully briefed. As discussed below, the court is required to provide petitioner additional information before ruling on the pending motion.

Exhaustion Standards

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). In other words, in order to fully exhaust his state court remedies, petitioner must have presented each and every claim set forth in his federal petition in a petition filed in the California Supreme Court.

Federal Amended Petition

In his amended petition, petitioner raised three claims: (1) the state court erred in denying his petition for resentencing under Senate Bill 620; (2) the trial court exceeded its jurisdiction based on clearly established statutes and laws, both state and federal, specifically citing California Penal Code § 12022.5(a)(1), and arguing his sentence is excessive; and (3) petitioner's sentence was miscalculated. (ECF No. 6.)

Petition Filed in the California Supreme Court

In the habeas petition filed in the California Supreme Court, petitioner raised two claims: (1) ineffective assistance of counsel; and (2) the imposition of upper term sentences was excessive in violation of Cunningham v. California, 549 U.S. 270 (2007), and Apprendi v. New Jersey, 530 U.S. 466 (2000). (ECF No. 16-18 (LD 15).)

Discussion

In his opposition to the motion to dismiss, petitioner argues he sustained ineffective assistance of counsel (ECF No. 18 at 3-4), which was a claim he raised in the California Supreme Court but did not include in his first amended petition. It is unclear whether petitioner intended to include his ineffective assistance claim in his federal petition, but his arguments suggest that he did. Therefore, petitioner is granted thirty days in which to file a motion to amend, along with his proposed second amended petition in which he raises all claims he intends to pursue in this action. If he intended to pursue such ineffective assistance of counsel claim, he must include it in any proposed amended petition, and explain in his motion to amend why he did not previously include it. If petitioner did not intend to pursue his ineffective assistance of counsel claim, he is not required to amend, and this action will proceed on his first amended petition.

In addition, petitioner's third claim in his first amended petition (ECF No. 6) was not included in the petition filed in the California Supreme Court. Because such claim was not included, this court is required to inform petitioner of his options, and will do so before ruling on the pending motion to dismiss. See Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005); see also Butler v. Long, 752 F.3d 1177, 1181 (9th Cir. 2014), as amended on denial of reh'g and reh'g en banc, (June 24, 2014) (per curiam) (district court erred in dismissing the mixed habeas petition without first giving petitioner the opportunity to amend his petition to include only exhausted claims). Petitioner may file a motion to stay the case so that he may return to state court and exhaust his third claim, or petitioner may abandon the unexhausted third claim and pursue only the exhausted claims in federal court.

Federal law recognizes two different procedures that a prisoner may use to stay a federal habeas action. See Rhines v. Weber, 544 U.S. 269 (2005) (staying timely mixed petition);[2] Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (allowing prisoner to dismiss unexhausted claims and stay action as to exhausted claims subject to potential later amendment of petition), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007). Prisoners seeking a stay under Kelly must first dismiss any unexhausted claim from the federal petition.

If petitioner chooses to abandon the unexhausted third claim and pursue only the exhausted claims in federal court, he should omit such unexhausted claim from any amended petition submitted along with the motion to amend referenced above.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is granted thirty days in which to file a motion to amend, along with an amended petition that includes all of the claims he intends to pursue in this action. If petitioner does not file a motion to amend, this action will proceed on his first amended petition (ECF No. 6), and his ineffective assistance of counsel claim will not be considered.

---

[2] In limited circumstances, a district court may stay a mixed petition pending exhaustion of unexhausted claims if: (1) the petitioner had good cause for his failure to exhaust; (2) his unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. Id., 544 U.S. at 278. Each of these three conditions must be satisfied to obtain a stay under Rhines. Id.

3

      2. Petitioner is granted thirty days in which to file a motion for stay or request to abandon unexhausted claim three. If petitioner fails to file such motion or respond to this order, petitioner's third claim will be dismissed as unexhausted.

Dated: October 12, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/lars0122.amd