UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREY LARSHIN, | No. 2:21-cv-0122 JAM KJN P |
| Petitioner, | |
| v. | ORDER |
| B. KIBLER,[1] | |
| Respondent. | |

      Petitioner, a state prisoner, proceeds pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss this action alleging the petition was successive, untimely, included an unexhausted claim, and failed to raise a cognizable federal claim. On September 9, 2021, respondent withdrew the argument that the instant petition was successive.[2]

      On April 11, 2019, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (ECF No. 16-18 (Lodged Document ("LD") 15).) The petition was pending at

---

[1] Brian Kibler, current warden of High Desert State Prison where petitioner is currently housed, is substituted as respondent in this action. Fed. R. Civ. P. 25(d).

[2] The parties agree that petitioner received a new judgment that corrected his award of presentence custody credits to include five more days. (ECF No. 18 at 2; see also ECF No. 21 at 1, citing see Gonzalez v. Sherman, 873 F.3d 763, 769 (9th Cir. 2017) (in California, the recalculation of credits awarded to a criminal defendant constitutes a new judgment).)

1

the time respondent filed the motion to dismiss. (ECF No. 16-19 (LD 16).) Pursuant to the state court's website, the California Supreme Court denied the petition on June 30, 2021.[3]

On October 12, 2021, petitioner was informed of his options for seeking stays if he intended to pursue his state court remedies for any unexhausted claim, and granted thirty days to file a motion to amend, along with his second amended petition. Petitioner did not file a motion for stay, but rather filed a motion to amend and a second amended petition.

Good cause appearing, petitioner's motion to amend is granted. Because respondent's motion to dismiss was directed to the original petition, and petitioner has now filed a second amended petition, the motion to dismiss is dismissed without prejudice to renewal. If respondent renews the argument that this action is barred by the statute of limitations, respondent shall address whether the new state court judgment re-started the limitations clock. See Gonzalez, 873 F.3d 763; Shropshire v. Baca, 702 F. App'x 629, 630 (9th Cir. 2017). Respondent shall also provide a copy of any new judgment granting pre-sentence custody credits.

Accordingly, IT IS HEREBY ORDERED that:

1. Brian Kibler, current warden of High Desert State Prison, is substituted as respondent in this action;

2. Petitioner's motion to amend (ECF No. 24) is granted;

3. Respondent's motion to dismiss (ECF No. 15) is denied without prejudice; and

4. Respondent is granted 45 days in which to renew the motion to dismiss.

Dated: December 6, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/lars0122.ren

---

[3] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov.