UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREY LARSHIN,<br><br>        Petitioner,<br><br>    v.<br><br>B. KIBLER,<br><br>        Respondent. | No.  2:21-cv-0122 TLN KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

      Petitioner, a state prisoner, proceeds pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On December 1, 2021, petitioner filed a second amended petition. Respondent filed a motion to dismiss this action alleging the petition is untimely, includes unexhausted claims, and includes noncognizable federal claims.  As discussed below, respondent's motion should be partially granted.

I. <u>Background</u>

      On January 13, 2021, petitioner filed the instant action.  Petitioner filed an amended petition on February 19, 2021.  Respondent moved to dismiss.

      On October 12, 2021, the court granted petitioner thirty days leave to file a motion to amend, accompanied by a second amended petition, as well as a motion for stay or request to abandon unexhausted claim three.  Petitioner was informed of his options for seeking stays if he

////

1

intended to pursue his state court remedies for any unexhausted claim, and cautioned that failure to file such motion would result in the claim being dismissed as unexhausted. (ECF No. 23.)

Petitioner did not file a motion for stay, but rather filed a motion to amend and a second amended petition. The motion to amend was granted, and petitioner's second amended petition was filed on December 1, 2021. Petitioner raised four claims: excessive sentencing; ineffective assistance of counsel; the trial court exceeded its jurisdiction; and violation of due process by denying petitioner a hearing. (ECF No. 26.)

On January 20, 2022, respondent filed a motion to dismiss, arguing that the petition is barred by the statute of limitations, that claims three and four are unexhausted because petitioner did not present them to the California Supreme Court, but in the alternative claims one, three and four are not cognizable. (ECF No. 28.) Petitioner did not file an opposition. On February 25, 2022, petitioner was ordered to show cause why his failure to oppose the motion should not be deemed a waiver of any opposition to the granting of the motion and directed to file an opposition. Petitioner was cautioned that failure to respond to the order to show cause, or to oppose the motion to dismiss, would result in a recommendation that this action be dismissed.

On April 1, 2022, petitioner filed a response to the order to show cause. Petitioner did not file an opposition to the motion to dismiss, but rather stated that he "refuse[s] to have [his] case dismissed," and "stand[s] on the truth of [his] writ of habeas corpus and have the judge hear [the] case." (ECF No. 31 at 1.)

II. Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

////

2

III. Statute of Limitations

A. Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. This statute of limitations provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody, pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1).

B. Chronology[1]

1. Petitioner was convicted in 2005 of numerous offenses, including assault with a firearm, robbery, and extortion by threat. (ECF No. 16-1 (Respondent's Lodged Document ("LD") 1).) The jury found true personal firearm use enhancements. (Id.) On October 28, 2005, petitioner was sentenced to a determinate state prison term of 29 years, four months. (Id.; ECF No. 26 at 1.)

////

---

[1] Under the mailbox rule, a pro se prisoner's habeas petition or other pleading is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988)). Petitioner is afforded the benefit of the mailbox rule for each petition identified herein.

   2. Petitioner filed an appeal. On December 29, 2006, the California Court of Appeal for the Third Appellate District affirmed the judgment. (ECF No. 29-2 (LD 2).)

   3. Petitioner sought review in the California Supreme Court. (ECF No. 29-3 (LD 3).) On March 14, 2007, the petition for review was granted. (ECF No. 29-4 (LD 4).)

   4. On August 27, 2008, the case was transferred to the state court of appeal with directions to vacate its decision and reconsider the case in light of People v. Towne, 44 Cal.4th 63 (2008). On November 5, 2008, the state court of appeal affirmed the judgment without modification. (ECF No. 29-5 (LD 5).)

   5. Petitioner sought review in the California Supreme Court, which was denied on January 14, 2009. (ECF Nos. 29-6, 29-7 (LD 6-7).)

   6. On April 26, 2010, petitioner filed his first petition for writ of habeas corpus in the Sacramento County Superior Court. (ECF No. 29-8 (LD 8).) The first petition was denied on May 28, 2010. (ECF No. 29-9 (LD 9).)

   7. On June 18, 2010, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. (ECF No. 29-10 (LD 10).) The state appellate court denied the petition on July 1, 2010. (ECF No. 29-11 (LD 11).)

   8. On April 8, 2010, petitioner filed a federal petition challenging his 2005 conviction. Larshin v. Corcoran State Prison, No. 2:10-cv-0835 FCD GGH (E.D. Cal.) (ECF No. 29-17 (LD 17).) Petitioner challenged the imposition of the upper term sentences for assault with a firearm and the attached firearm enhancement as a violation of his right to a jury trial as guaranteed by the Sixth and Fourteenth Amendments to the Constitution. (ECF No. 29-17 (LD 17).) The petition was denied on June 24, 2011. (ECF No. 29-20 (LD 20).)

   9. On November 17, 2019, petitioner filed a petition for re-sentencing under California Senate Bill 620 ("SB 620")[2] in the Sacramento County Superior Court. (ECF No. 29-12 (LD 12).) On December 12, 2019, the re-sentencing petition was denied.[3] (ECF No. 29-13 (LD 13).)

---

[2] Senate Bill 620, effective January 1, 2018, granted trial courts the discretion to strike firearm enhancements. See People v. Hurlic, 25 Cal. App. 5th 50, 54, 235 Cal. Rptr.3d 255 (2018).

[3] Petitioner filed an appeal of the superior court's denial of the re-sentencing petition, but the

4

10. On April 11, 2019, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (ECF No. 29-15 (LD 15).) The petition was pending at the time respondent filed the first motion to dismiss. (ECF No. 29-16 (LD 16).) The California Supreme Court denied the petition on June 30, 2021.[4]

11. On October 9, 2020, petitioner's judgment was corrected to include five more days of presentence custody credits, and entered *nunc pro tunc* to October 28, 2005, petitioner's original sentencing date. (ECF No. 29-1 at 1-2 (LD 1).)

12. On January 13, 2021, petitioner constructively filed the instant federal petition. See Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

C. Calculation of Limitations Period

As noted by respondent, the abstract of judgment was amended on October 9, 2020, to grant petitioner additional credits for time served. (ECF No. 29-1.) Respondent states, without citing legal authority, that the award of custody credits did not restart the limitations clock because it was granted *nunc pro tunc* to the original sentence date. (ECF No. 28 at 4 n.3.)

However, the Ninth Circuit has addressed this issue:

> a state trial court's alteration of the number of presentence credits to which a prisoner is entitled is a legally significant act: it replaces an invalid sentence with a valid one. In determining whether, after amending the number of credits, there has been a new judgment "pursuant to" which a prisoner is "in custody" under Magwood [v. Patterson], 561 U.S. [320,] 332, 130 S. Ct. 2788 [2010] (quoting 28 U.S.C. § 2254(b)(1)), the answer under California law is yes: before the amendment, the prisoner was not held in custody pursuant to a lawful judgment of the state courts and was being held for a greater number of days than was proper under California law. After the amendment, however, there is a valid judgment pursuant to which

---

state appellate court dismissed the appeal because the order was not appealable. (ECF No. 16-17 (LD 14).)

[4] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov.

5

> the prisoner is lawfully being held in custody and he is being held for a lesser (and the correct) number of days.

Gonzalez v. Sherman, 873 F.3d 763, 769-70 (9th Cir. 2017). In other words, "changing presentence credits resulted in a new judgment under California law because application of custody credits determined 'the total duration of time which a convicted person will have to spend in prison' and a sentence is legally valid only if it awards all the credits to which the person is entitled." Brian Means, Federal Habeas Manual § 11:47, quoting Gonzalez, 873 F.3d at 769. Although the superior court had not labeled its order *nunc pro tunc*, the Ninth Circuit stated that the state court could not amend the presentence credits as a *nunc pro tunc* order because "the function of a *nunc pro tunc* order is merely to correct the record of the judgment and not to alter the judgment actually *rendered*." Id. at 773. Rather, "*nunc pro tunc* orders can be used only to correct errors of the scrivener's sort -- 'recording errors.'" Id. The Ninth Circuit found that applying credits for time served was not a scrivener's error and therefore required an amended judgment under California law.[5] Id.

The statute of limitations clock begins anew when a state court judgment is amended. Id.; Shropshire v. Baca, 702 F. App'x 629, 630 (9th Cir. 2017) ("In Gonzalez, we held that the AEDPA's statute of limitations clock restarts when a state-court judgment is amended.")

In the instant case, on October 9, 2020, petitioner's judgment was corrected to include five more days of presentence custody credits. (ECF No. 29-1 at 1-2 (LD 1).) It is unclear whether petitioner appealed the modified judgment. However, he filed the instant petition on January 13, 2021, 96 days after the modified judgment was entered. Because petitioner filed this action within a year of the modified judgment, the undersigned cannot find that this action is barred by the statute of limitations. Respondent's motion to dismiss on statute of limitations grounds should be denied.

////

---

[5] But see People v. Humphrey, 44 Cal. App. 5th 371, 379-380 (2020). In Humphrey, a California appellate court held that a miscalculation of custody credits is a clerical error, and does not operate to give a defendant retroactive application of the new enhancement provisions. Id. However, this court is bound by Ninth Circuit law.

6

   Because the petition is timely, the court need not address the impact of California SB 620, if any, on the statute of limitations analysis.

IV. <u>Unexhausted Claims</u>

   As set forth above, petitioner raises four claims in his second amended petition: (1) excessive sentencing; (2) ineffective assistance of counsel; (3) the trial court exceeded its jurisdiction; and (4) violation of due process by denying petitioner a hearing. (ECF No. 26.) However, petitioner only raised two claims in the California Supreme Court: ineffective assistance of counsel; and excessive sentence in violation of <u>Cunningham v. California</u>, 549 U.S. 270 (2007), and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). (ECF No. 29-15 (LD 15).)

   After reviewing the state court documents lodged by respondent, the court concludes that claims three and four are unexhausted because petitioner did not present them to the California Supreme Court. Although petitioner was provided the legal standards governing a stay and abeyance, and provided an opportunity to file a motion for stay, petitioner did not file such a motion. However, a petition also may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

V. <u>Claims Not Cognizable?</u>

   In the alternative, respondent argues that claims one, three and four are not cognizable. Petitioner did not address this issue.

   The undersigned is persuaded that petitioner's claims based on California SB 620 are not cognizable. "In asserting a right to resentencing under California's Senate Bill 620, petitioner raises a state-law claim that is not reviewable in federal court." <u>Moreno v. Pollard</u>, 2021 WL 864066, *6 (C.D. Cal.), <u>report and recommendation adopted by</u>, 2021 WL 863750 (C.D. Cal. 2021); <u>see also</u> <u>Godfrey v. Warden PVSP</u>, 2020 WL 3544980, *2 (N.D. Cal. 2020) (A "state court's alleged misapplication of Senate Bill 620 does not present a federal habeas claim."); <u>Hearod v. Davis</u>, 2019 WL 7562682, *6 (C.D. Cal. 2019) ("[E]very federal court to have addressed the issue has held that claims for resentencing under Senate Bill No. 620 are not cognizable."), <u>report and recommendation adopted by</u>, 2020 WL 127549 (C.D. Cal. 2020). Petitioner's vague references to the Sixth and Fourteenth Amendments or due process and equal

7

protection (ECF No. 26 at 10, 19) do not change the analysis. Petitioner may not transform a state law claim into a federal one by merely asserting a violation of due process. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). Thus, all of petitioner's sentencing claims based on California SB 620 in claims one, three and four are dismissed.

That said, petitioner's claim one, which is exhausted, also alleged that he was sentenced in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). (ECF No. 26 at 5.) The Apprendi line of cases generally forbid state sentencing courts from imposing a prison term greater than the "statutory maximum" based solely on judicial fact-finding, see Cunningham, 549 U.S. at 281-82 (citations omitted). Respondent failed to address either Apprendi or Cunningham in the motion to dismiss. Therefore, respondent's motion to dismiss claim one, with the exception of that portion related to SB 620, is denied without prejudice.

VI. Conclusion

In light of these findings, respondent should be directed to answer that portion of claim one in which petitioner claims his sentence violates Apprendi or Cunningham, as well as petitioner's second claim alleging ineffective assistance of counsel.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 28) is granted in part and denied in part, as follows:

1. The motion to dismiss on statute of limitations grounds be denied;

2. Claims three and four (ECF No. 26) be dismissed, and that portion of claim one based on California Senate Bill 620 be dismissed; and

3. Within thirty days from any district court order addressing these findings and recommendations, respondent shall file an answer to claims one (as narrowed) and two.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that

failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 10, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/lars0122.mtd.2AP